**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

ANTHONY D. RUFF,                                      PETITIONER

v.                                                          No. 4:04CV385-P-B

JODY BRADLEY, ET AL.                              RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Anthony D. Ruff for a writ of *habeas corpus* under 28 U.S.C. § 2254. The petitioner does not challenge the validity of his conviction; instead, he challenges the loss of earned time due to a finding that he committed a prison rule infraction (walking off a job site). The state has answered, arguing that the petitioner has failed to exhaust this claim because he did not present it to the Mississippi Supreme Court. In his traverse, the petitioner claims that his failure to exhaust was due to circumstances beyond his control (the failure of Mississippi Department of Corrections officials to mail the petitioner's appeal of his grievance ruling in a timely fashion). The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as procedurally barred.

**Facts and Procedural Posture**

The petitioner pled guilty to one count of burglary of a dwelling in the Circuit Court of Lee County, Mississippi. He is currently in the custody of the Mississippi Department of Corrections and housed at the Delta Correctional Facility in Greenwood, Mississippi. The petitioner was sentenced February 10, 2003, to twenty-five years in the custody of the Mississippi Department of Corrections (with fifteen years suspended and ten years to serve) followed by five

years of post-release supervision.

The petitioner's claims do not pertain to his burglary conviction; rather, they derive from his loss of earned time after he was found guilty of walking off a job site while incarcerated (Rule Violation Report ("RVR") #16238). Dissatisfied with the finding of guilt pursuant to the RVR, the petitioner filed a grievance through the three-step Administrative Remedy Program (ARP) on August 20, 2003. On February 3, 2004, at step two, the superintendent, Lawrence Kelly, found the petitioner's appeal of the RVR to be without merit. According to the Legal Claims Adjudicator, Larry C. Hardy, the petitioner failed to submit a timely appeal of the "Step Two Response" to the commissioner, and the case was therefore closed. The petitioner's appeal of Step Two was one day late. Nearly five months later, the petitioner inquired about the status of the grievance process and was told that his grievance had been terminated.

On July 1, 2004, Ruff filed a "Petition For An Order To Show Cause" in the Circuit Court of Sunflower County. Sunflower County Circuit Court Cause Number 2004-TS-2134. On September 21, 2004, the circuit court denied the petition, finding that the court lacked jurisdiction over the matter due to petitioner's failure to exhaust his administrative remedies. *Id*. The petitioner subsequently sought reconsideration of his petition by the circuit court, which denied reconsideration on October 18, 2004. *Id*. On October 28, 2004, the petitioner filed a "Notice of Appeal" in the Sunflower Circuit Court. *Id*. The Clerk of the Mississippi Supreme Court dismissed the appeal January 11, 2005, for failure to pay costs. *Id*.

On December 15, 2004, the petitioner filed the instant Petition for Writ of Habeas Corpus in the Northern District of Mississippi, raising the following claims (set forth verbatim below):

**Ground One** - Disciplinary chairperson did not use/present evidence marked as "yes" attached to Rule Violation Report at Disciplinary Hearing.

**Ground Two** - Disciplinary chairperson violated MDOC Disciplinary Procedures, for not imposing punishment set for violation that occured.

**Ground Three** - Disciplinary chairperson violated, by not giving written explanation of what evidence was used to determine guilt.

**Ground Four** - Legal Claims Adjudicator violated ARP grievance procedure, by not giving official notice that ARP would move on to next step.

**Ground Five** - Legal Claims Adjudicator violated ARP procedures by illegally dismissing petitioner's ARP appeal against disciplinary punishment.

**Ground Six** - MDOC violated desiciplinary procedures for loss of earned time.

**Ground Seven** - MDOC violated petitioner's pre-hearing classification.

## Procedural Default

The petitioner has not exhausted his state court remedies, and now he cannot. In failing to complete the three-step grievance procedure of the Administrative Remedy Program, the petitioner has eliminated any chance for judicial review. MISS. CODE ANN. § 47-5-803(2).[1] The petitioner acknowledges that he has not completed the three-step administrative remedy program, arguing that he was not allowed to complete the process because the state did not forward his forms to the proper custodian in a timely fashion. This argument is without merit, as the grievance process requires the plaintiff to complete all three steps, even without a response from the state. The state circuit court denied Ruff's "Petition for an Order to Show Cause" because his

---

[1] MISS. CODE ANN. § 47-5-803(2) provides, in pertinent part:

(2) No state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure.

-3-

failure to exhaust administrative remedies deprived the circuit court of jurisdiction. *See* record in Cause Number 2004-TS-2134. The petitioner appealed the circuit court's denial of his petition but failed to follow through with the appeal (he did not pay the costs of the appeal). The petitioner was notified of the deficiency – and given an opportunity to rectify it by paying the appellate costs. *See* record in Cause Number 2004-TS-2134. In response to the deficiency notice, the petitioner informed the supreme court clerk – in writing – that he would forego the appeal and, instead, pursue relief in federal court by way of a *habeas corpus* petition. *Id*.

It appears that the Administrative Remedy Program process went astray during the petitioner's prosecution of his grievance in this matter. The approved process provides that inmates have five days to appeal each step. The petitioner received notice of the adverse decision during the first step on a Friday (February 13, 2004). He mailed the appeal of his second step on Sunday (February 15, 2004) because prison mail does not run on Saturday. The appeal was received in the Inmate Legal Assistance Program office on Monday (February 16, 2004). Legal mail was not picked up from that office until February 18, 2004, (the date the appeal was due), and the appeal was received the next day in the Administrative Remedy Program office and found to be late. The grievance was therefore dismissed because the Second Step Appeal was untimely filed.

It also appears that the Sunflower County Circuit Court did not review the timeliness of the petitioner's appeal of the Second Step of the grievance process. Instead, the Circuit Court dismissed the case for want of jurisdiction – based on the finding by the Mississippi Department of Corrections that the petitioner failed to submit a timely appeal of the Second Step. As the timeliness of his Second Step appeal was the only issue the petitioner had challenged, the

petitioner was understandably dissatisfied with the ruling by the Circuit Court. The petitioner moved to proceed *in forma pauperis* on appeal, and the Mississippi Supreme Court denied that motion, citing the rule that civil appeals by prisoners cannot proceed *in forma pauperis*. *Moreno v. State*, 637 So.2d 200 (Miss. 1994). The petitioner wrote to the Clerk of the Mississippi Supreme Court, stating that he no longer wished to pursue an appeal because he had decided to seek *habeas corpus* relief in federal court. Although this decision was a strategic blunder, the fact remains that the petitioner did not pay the appellate filing fee. The appeal was properly dismissed.

The petitioner has argued a "domino theory" of this case. The first domino was the delay by the Inmate Legal Assistance Program in forwarding the petitioner's Second Step Appeal to the Administrative Remedy Program office for review. The second domino fell when the ARP office failed to notice the delay in the Inmate Legal Assistance Program office, and dismissed the petitioner's Second Step Appeal as untimely. Next, the Sunflower County Circuit Court dismissed the petitioner's case for failure to exhaust without discussing the issue of the timeliness of the Second Step Appeal (the very basis of the petitioner's alleged failure to exhaust – and the Circuit Court case). The petitioner tipped the final domino himself when he abandoned his appeal from the Circuit Court's decision. This final domino establishes the petitioner's failure to exhaust for the purposes of this federal petition for a writ of *habeas corpus*.

This case arose from a series of missteps by the Inmate Legal Assistance Program, the Administrative Remedy Program, the Sunflower County Circuit Court, and the petitioner himself. As a result, the petitioner has missed the opportunity to complete the three steps of the grievance procedure – and cannot now start the process over by re-filing the same claim with the

Administrative Remedy Program. He, himself, foreclosed the opportunity for state appellate court review. The petitioner thus has no available remedies in the state court process. He has defaulted all claims in the instant petition, and this court is now precluded from reviewing them.

When the petitioner's own procedural default leaves state remedies for a petitioner's claims unavailable, federal courts are barred from reviewing those claims. *Sones v. Hargett*, *supra*; *see also Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998). The petitioner has not exhausted his state remedies for any of his claims – at either the prison grievance procedure level or at the appellate level. Therefore, the petitioner may not seek federal *habeas corpus* review of those claims unless he demonstrates: (1) cause for the default and actual prejudice resulting from it, or (2) that a fundamental miscarriage of justice will result if his claims are not reviewed on the merits. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wilder v. Cockrell,* 274 F.3d 255, 262 (5th Cir. 2001).

The petitioner has not shown "cause" under the "cause and prejudice" test necessary to allow the court to reach the merits of the claims despite the procedural bar. No external impediment prevented the petitioner from completing the grievance review process – including paying the costs of his appeal to the Mississippi Supreme Court – and thereafter properly raising and discussing these claims as grounds for relief in state court. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). Indeed, the petitioner made a conscious choice not to pursue his appeal in state court. As such, the petitioner has failed to give the Mississippi Supreme Court an opportunity to review his claims. Absent a showing of "cause," it is unnecessary for this court to consider whether there is actual prejudice. *Martin v. Maxey*, 98 F.3d at 849. Therefore, the petitioner cannot show cause and prejudice in order to have his claims reviewed on the merits in

this court.

Finally, no "fundamental miscarriage of justice" will result if the petitioner's claims are not heard on the merits. The petitioner has not shown that he is innocent of the rule infraction leading to the loss of earned time; thus, he does not meet the rigorous standard to prove a "fundamental miscarriage of justice ." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). As such, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as procedurally defaulted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 27th day of February, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE